IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN P. CHARTERS,

    Plaintiff,

v.       CASE NO. 09-50157
    HON. LAWRENCE P. ZATKOFF

JOHN HANCOCK LIFE INSURANCE CO.,

    Defendant.
_____/

**ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on March 26, 2009

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter comes before the Court on a petition by nonparties to the underlying action, Linda S. Charters and Michael A. Heck, to quash subpoenas [dkt 1]. Charters and Heck are wife and brother-in-law, respectively, to Plaintiff, who joins in this petition "for the purpose of asserting that the proposed depositions of his wife and brother-in-law are irrelevant to any claim or defense in the underlying litigation and is [sic] not reasonably calculated to lead to the discovery of admissible evidence."[1] The parties have fully briefed the petition. The Court finds that the briefs

---

[1] As a general rule, "a party has no standing to seek to quash a subpoena directed to a non-party." *United States v. Wells*, No. 06-10589, 2006 U.S. Dist. LEXIS 83124, at *5 (E.D. Mich. Nov. 3, 2006). Because Plaintiff has not alleged a personal right or privilege, he lacks standing to challenge the subpoenas directed at Movants. *See, e.g.*, *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979); *Langford v. Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2d Cir. 1975). Therefore, the Court considers this petition as originating solely from Movants.

submitted adequately set forth the relevant law and facts such that oral argument would not aid in the disposition of the instant petition. E.D. Mich. L.R. 7.1(e)(2). Accordingly, the Court ORDERS that the petition be decided on the briefs submitted. For the reasons set forth below, the petition is DENIED.

Also before the Court is Defendant's Application for Relief Pursuant to Local Rule 83.20(f) in which Defendant "seeks relief from the requirement that an attorney appearing as attorney of record . . . specify on the record a member of the bar of the Eastern District of Michigan having an office within the district upon whom service of all papers may be made." Defendant represents that Plaintiff consents to the relief sought. Accordingly, the Court GRANTS Defendant's Application and relieves Defendant of the obligation to specify local counsel.

## II. BACKGROUND

Defendant sells variable annuities to 401(k) plans and receives fees for its services in conjunction with the maintenance of such plans. Plaintiff brought suit against Defendant in the United States District Court for the District of Massachusetts under the Employee Retirement Income Security Act of 1974, alleging that Defendant breached its fiduciary duties. Specifically, Plaintiff alleges that one component of Defendant's fee structure is excessive in relation to the services provided.

Movants in this matter work at Plaintiff's law firm. Although they are not fiduciaries of the 401(k) plan that ultimately gives rise to the underlying suit, they attended a proposal meeting at which Defendant allegedly explained its contract proposal, including total fees for the contract. Plaintiff was not present at the proposal meeting, but Movants allegedly reported what they learned at the proposal meeting to him. In his deposition, however, Plaintiff could not recall what

information Movants conveyed to him. Therefore, Defendant seeks to obtain such information from Movants who now seek to quash the subpoenas commanding them to appear for depositions.

### III.  ANALYSIS AND OPINION

The scope of discovery is broad, entitling parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). When contemplating restricting discovery, "the court should consider the totality of the circumstances, weighing the value of the material sought against the burden of providing it, and taking into account society's interest in furthering the truthseeking function in the particular case before the court." *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) (quotation omitted).

Rule 45(c) of the Federal Rules of Civil Procedure permits a party to a suit to seek discovery through a subpoena to a nonparty. Upon a timely motion, the Court must quash a subpoena that: "(i) fails to allow a reasonable time to comply; (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides . . . (iii) requires disclosure of privileged or other protected matter . . . or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A). Whether a burden is undue requires weighing "the likely relevance of the requested material . . . against the burden . . . of producing the material." *EEOC v. Ford Motor Credit Co.*, 26 F.3d 44, 47 (6th Cir. 1994). Courts also consider one's status as a nonparty to be a significant factor in the undue-burden analysis. *See, e.g.*, *N.C. Right to Life, Inc. v. Leake*, 231 F.R.D. 49, 51 (D.D.C. 2005). A nonparty seeking to quash a subpoena bears the burden of demonstrating that the discovery sought should not be permitted. *See Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D.N.Y. 1996); *see also Irons v. Karceski*, 74 F.3d 1262, 1264 (D.C. Cir. 1995).

In this matter, Movants contend that the subpoenas subject them to undue burdens by forcing them to miss work. Movants further argue that the information sought from their depositions is irrelevant to the underlying case. Finally, Movants state that even if the information is relevant, it is readily available from another source because Plaintiff has offered to stipulate "to the facts sought by [Defendant] from these two deponents" or, more specifically, "that he reviewed (or if [Defendant] prefers), that he did *not* review, all notices that [Defendant] made available to the plans." According to Movants, such a stipulation would obviate the need for their depositions.

Defendant responds that "a critical gap in the factual record in this case is what Plaintiff knew about [Defendant's] fees generally, . . . at the time he entered the Contract." Therefore, Defendant seeks the depositions of Movants to close the "critical gap." Defendant responds that Movants, as participants in the proposal meeting, possess information that "is highly relevant to whether . . . [Defendant] can be liable." Defendant argues that an "insurance company cannot be held liable for breach of a fiduciary duty for receiving agreed upon fees." Accordingly, Defendant maintains that the depositions it seeks are relevant to not only its defense, but also to its affirmative defenses of waiver, estoppel, and consent to risk. Defendant further observes that it tried to obtain this information in its deposition of Plaintiff, but Plaintiff could not recall any details pertaining to the proposal meeting. Defendant represents that Plaintiff's proposed stipulation would not provide information "as to what questions his delegates asked at the Proposal Meeting, what questions Plaintiff asked them about the meeting, and what information, if any, they conveyed to Plaintiff." In light of the foregoing, Defendant argues that Movants have not satisfied their burden of establishing that their depositions would be unduly burdensome.

The Court finds that the burden imposed on Movants is not undue. Defendant believes that

4

the depositions of Movants will yield relevant information to its defense. The court overseeing the underlying proceedings agrees, indicating "a particular interest in knowing if there are genuine issues of material fact" as to "whether [Plaintiff] knew of and approved all of the fees [Defendant] charged to the Plan." Movants have not convinced the Court that their depositions are irrelevant to the underlying proceedings. The Court also finds Plaintiff's offer to stipulate unpersuasive. Plaintiff has offered to stipulate that he "reviewed" all materials pertaining to fees, but Defendant seeks a more concrete assessment of whether Plaintiff consented to the fees. Finally, Movants' argument that they face undue burdens in the form of taking time from work to attend the depositions fails. Although Movants are nonparties, they played active roles in the adoption of Defendant's proposal by attending the proposal meeting in place of Plaintiff. Under these circumstances, the Court finds that the depositions sought do not create an undue burden on Movants.

## IV. CONCLUSION

IT IS ORDERED that Movants' petition to quash subpoenas is DENIED.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: March 27, 2009

CERTIFICATE OF SERVICE

  The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on March 27, 2009.

               S/Marie E. Verlinde
               Case Manager
               (810) 984-3290